Dear Mr. Williams:
You have requested the opinion of this office on the issue of whether or not the Community Christian Concern, Inc. may be exempt from ad valorem taxes on property that it leases from HUD to provide housing for homeless.
Community Christian Concern, Inc. ("CCC") is a nonprofit organization which currently leases three houses from HUD under the housing for the homeless program contained in24 CFR 291.415. Community Christian Concern leases these properties from HUD for $1.00 and in turn subleases the property to homeless persons to provide transitional housing. We have been provided a copy of the lease that was executed between Community Christian Concern, Inc. and HUD on July 18, 1990. Section number three of the lease provides that "lessor (HUD) shall pay all taxes due on the property, and the lessee (CCC) shall reimburse lessor for such payment." CCC claims that it is exempt from ad valorem taxes owed on these properties under Article 7, Section 21 of the Louisiana Constitution of 1974. This Article states in pertinent part:
 In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 (B)(1)(a) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax; and
 (b) Property leased to such a nonprofit corporation or association for use solely as housing for homeless persons, as defined by regulation adopted by the tax commission or its successor provided that the term of the lease shall be for at least five years, that as a condition of entering into the lease the property be in compliance with all applicable health and sanitation codes for use as housing for homeless persons, that the lease shall provide that compensation to be paid the lessor shall not exceed one dollar per year, and that such contract of lease shall recite that the property shall be used exclusively for the purpose of housing the homeless, and further provided that at such time as the property is no longer used solely as housing for homeless persons, the property shall no longer be exempt from taxation.
CCC must meet the requirements set forth in (B)(1)(a) for an organization to qualify. These are specific factual determinations that the assessor may make. The four basic requirements that must be met are:
 1. A nonprofit corporation organized exclusively for one of the designed purposes;
 2. No part of the net earnings inure to the benefit of any shareholder or member thereof;
 3. Said nonprofit corporation is exempt from federal or state income tax; and
 4. None of the property of the nonprofit corporation is owned, operated, leased or used for commercial purposes unrelated to the exempt purposes of the corporation.
(See Op. Atty. Gen. Nos. 88-378 and 88-312 for similar applications of these four requirements.)
CCC must also meet the requirements set forth in (B)(1)(6) in order for the property to be exempt. The determinations that must be made are:
 1. That the property is used solely as housing for homeless persons, as defined by regulation of the tax commission;
2. That the lease is for five years;
 3. That as a condition of entering the lease, the property be in compliance with all applicable health and sanitary codes for homeless housing;
 4. That the lease provide the compensation to be paid the lessor shall not exceed $1 per year; and
 5. That the lease states the property shall be used exclusively for housing the homeless.
Concerning the requirement of Article 7, Section 21 (B)(1)(b) that the property leased must be for use solely as housing for homeless persons, as defined by regulation adopted by the tax commission or its successor, you have provided us with opinions from Ms. Mary Zervigon and Mr. Bob Abbott, formerly of the Louisiana Tax Commission, who stated that the Tax Commission has not adopted regulations as required by Article 7, Section 21.
This office is in agreement that the failure of the Tax Commission to adopt such regulations should not preclude an organization which has met the other constitutional requirements from being granted the exemption. The state may follow the regulations set forth in 24 C.F.R. as guidelines until the Tax Commission adopts such regulations. After speaking to the present executive secretary at the Tax Commission, this office was informed that the Tax Commission is in the process of adopting such regulations and that these regulations should be finalized in the near future.
Another requirement set forth in Article 7, Section 21 is that the term of the lease shall be for at least five years.24 CFR 291.415(b)(1) provides for the term of the lease from HUD. It states in pertinent part:
 (b) Term of the lease. (1) A lease of an eligible property may be negotiated for such time as the lessee requires, not to exceed one year. Leases are renewable, at the option of the lessee and with the approval of HUD, at the end of the first lease term for up to four additional one-year terms, on a year-to-year basis, provided the lessee has met the requirements under this program.
 (3) A property will not be leased to a lessee for a period of longer than five years. At the end of the five-year period, if the lessee has not exercised the option to purchase, HUD will notify the lessee to vacate the property . . .
Act 564 of the 1992 Legislative Session was signed by the Governor on June 30, 1992. This Act specifically addresses Article 7, Section 21. It states:
Section 1. R.S. 47:1709 is hereby enacted to read as follows:
 1709. Exemption for property leased to nonprofit organizations for the purpose of housing the homeless
 For the purpose of applying the exemption from ad valorem taxation provided in Article VII, Section (21)(B)(1)(b) of the Constitution of Louisiana, "term of the lease" shall mean the total length of the lease, including renewals at the option of lessees, that the lessor obligates property to a nonprofit corporation or association for use solely as housing for the homeless.
 Section 2. This Act shall be effective for taxable periods beginning on or after January 1, 1991.
While this clarifies that "term of the lease" includes renewals at the option of lessees, it does not help CCC. The lease executed between CCC and HUD states at number 21:
 The lease shall be for one year, beginning on July 18, 1990, at a total rent of $1. Lessee may elect to renew the lease for two additional lease terms of one year each.
It is plain on the face of this lease that the total length of the lease, including renewals at the option of CCC, can not exceed three years. This does not meet the constitutional requirement of Article 7, Section 21 (B)(1)(b), namely that the lease must be for at least five years. Although it is possible that a nonprofit organization leasing property from HUD under the housing for homeless program may be exempt from ad valorem taxes, CCC is not exempt. Because the total length of the lease does not meet the constitutional requirement of five years, they are not exempt from ad valorem taxes and, therefore, may not be taken off the tax rolls.
I trust that this answers your inquiry. If we can be of any further assistance please contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
RPI/MSH/jav 2760m